```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


SHIRLEY ROSENBERG,              :
                                :     Civil Action No. 10-4419 (WJM)
            Plaintiff,          :
                                :
        v.                      :     MEMORANDUM OPINION
                                :
ERIC WHITEHEAD, et al.,         :
                                :
            Defendants.         :
```

**APPEARANCES:**

Plaintiff pro se
Shirley Rosenberg
Greystone Hospital
59 Loch Avenue
Morris Plains, NJ  07950

**MARTINI**, District Judge

Plaintiff Shirley Rosenberg, a civilly-committed mental patient confined at Greystone Hospital in Morris Plains, New Jersey, seeks to bring this civil action in forma pauperis, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983.

Civil actions brought in forma pauperis are governed by 28 U.S.C. § 1915.  Section 1915(a) requires a person who seeks to proceed in forma pauperis to submit an affidavit "that includes a statement of all assets such [person] possesses."  In addition, Appendix P of the New Jersey Federal Practice Rules provides a form of affidavit acceptable to the Court.

Here, Plaintiff has provided only a conclusory statement asserting her indigency, including only a statement as to her monthly stipend from the state and a statement that she does not receive Social Security payments.

The affidavit is not a sufficient statement of Plaintiff's assets and liabilities to permit this Court to determine whether she qualifies to proceed in forma pauperis.  To the extent Plaintiff possesses any financial accounts, including brokerage accounts, bank accounts, or an institutional account, she must provide a statement as to the balance in those accounts.  Plaintiff must advise the Court of all money she has received, from any source, in the twelve months prior to submitting the application for leave to proceed in forma pauperis.  Plaintiff must advise the Court whether she possesses anything of value, including real estate, stocks, bonds, or securities.  All of these requirements are addressed in the form of affidavit that can be provided by the Court.

The allegations of the Complaint do not suggest that Plaintiff is in imminent danger of serious physical injury.

## CONCLUSION

For the reasons set forth above, Plaintiff's application for leave to proceed in forma pauperis will be denied without prejudice and the Clerk of the Court will be ordered to administratively terminate this action, without filing the

complaint or assessing a filing fee.  The Clerk of the Court will provide an acceptable form of affidavit to Plaintiff, and Plaintiff will be granted leave to move to re-open within 30 days.[1]

    An appropriate Order will be entered.

                                  S/William J. Martini

                                  William J. Martini
                                  United States District Judge

Dated: 9/7/10

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995).