UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SHIRLEY ROSENBERG, | : |
| Plaintiff, | : Civil Action No. 10-4419 (SDW)(MCA) |
| v. | : **OPINION & ORDER** |
| ERIC WHITEHEAD, and HUGHES ALINSANGA TITLO, | : February 16, 2011 |
| Defendants. | : |

**WIGENTON**, District Judge.

Before the Court is Plaintiff Shirley Rosenberg's ("Plaintiff" or "Rosenberg") appeal of a non-dispositive order entered by United States Magistrate Judge Madeline C. Arleo on November 12, 2010, denying Plaintiff's application for pro bono counsel. This appeal is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, this Court DENIES Plaintiff's application for pro bono counsel and AFFIRMS the findings of Magistrate Judge Arleo.

### FACTUAL BACKGROUND

On December 10, 2010, Plaintiff filed an appeal of the Magistrate Judge's Order of November 9, 2010, denying her application for pro bono counsel. In support of her appeal, Rosenberg argues that she has recently obtained documentation to support her claim of mental illness.

### DISCUSSION

**A. Legal Standard**

A United States Magistrate Judge may hear non-dispositive motions under 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Civil Rule 72.1(a). Pursuant to

Federal Rule of Civil Procedure 72(a) and Local Civil Rule 72.1(c)(1)(A), a Magistrate Judge's disposition on a non-dispositive motion may be modified or set aside if the ruling was "clearly erroneous or contrary to law."  See also 28 U.S.C. § 636(b)(1)(A); Haines v. Liggett Grp. Inc., 975 F.2d 81, 91 (3d Cir. 1992).  A ruling is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins. Co., 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting United States v. Gypsum Co., 333 U.S. 364, 395 (1948)) (internal quotations omitted).  "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." Andrews v. Goodyear Tire & Rubber Co., Inc., 191 F.R.D. 59, 68 (D.N.J. 2000).  On the other hand, an order is contrary to law "when the magistrate judge has misinterpreted or misapplied the applicable law."  Doe v. Hartford Life & Accident Ins. Co., 237 F.R.D. 545, 548 (D.N.J. 2006).

**B.  Analysis**

According to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel."  The decision to appoint counsel is solely within the Court's discretion, Council v. Nash, 2007 U.S. Dist. LEXIS 40527, at *3 (D.N.J. June 1, 2007), and after making an initial determination whether the claim has "some merit in fact and law," Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997), the Court may consider the following factors in making its determination: (1) "[t]he plaintiff's ability to present his or her own case;" (2) the complexity of the legal issues; (3) "the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation;" (4) the amount "a case is likely to turn on credibility determinations;" (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his

or her own behalf. Tabron v. Grace, 6 F.3d 147, 155-57 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994).

In her Order denying Plaintiff's application without prejudice, Magistrate Judge Arleo concluded:

> [w]hile your claims have arguable merit, the Court finds that you are capable of presenting your own case. This Court has examined the Complaint, as well as your subsequent application for pro bono counsel, which reveal that you have the capacity to effectively present your claims without appointed counsel . . . . Additionally, the legal issues you raise are not in themselves complex. Their resolution will depend on the facts ultimately established. Your case will turn on credibility determinations, but you will be able to pursue the necessary factual investigation yourself and without the assistance of expert witnesses. As to your "mental illness" preventing you from competently prosecuting your claims and interacting with the Court, neither you nor Mr. [Matthew] Tucker, on your behalf, has submitted any evidence to support these allegations.

Docket Entry No. 15 at 2.

In her appeal, Rosenberg merely argues that she has been able to obtain the evidence to support her mental illness. However, she does not provide said evidence. Additionally, this Court agrees with Magistrate Judge Arleo and finds that Plaintiff is capable of presenting her own case, as she has filed her complaint, several motions, and letters without an attorney's assistance. Furthermore, the legal issues involved in this case do not appear to be complex. Moreover, factual investigation does not present an issue because Rosenberg was involved in the alleged incident. See Davidson v. Tan, 2010 U.S. Dist. LEXIS 138192, at * 11 (D.N.J. Dec. 30, 2010) (finding appointment of pro bono counsel inappropriate because the plaintiff "was intimately involved with all aspects of the alleged incidents." ). Also, Plaintiff's alleged lack of resources does not make her eligible for pro bono counsel because "indigency alone does not warrant the appointment of counsel." Hennessy v. Atl. Cnty. Dep't of Pub. Safety, 2008 U.S.

Dist. LEXIS 84936, at *9-10 (D.N.J. Oct. 22, 2008) (quoting Stevens v. Lopez, 2006 U.S. Dist. LEXIS 74610, at *6 (D.N.J. Oct. 12, 2006)).  Additionally, the Order specified that the denial of Rosenberg's application was without prejudice and she could "reapply for appointment of counsel if . . . the litigation advances to a point where [] [Plaintiff] believe[s] the appointment of counsel is appropriate under the Tabron factors."  Docket Entry No. 15 at 2.  In sum, Rosenberg has not demonstrated that Judge Arleo's Order was clearly erroneous or contrary to law.  For these reasons,

    **IT IS** on this 16th Day of February, 2011,

    **ORDERED** that Plaintiff's appeal of Magistrate Judge Arleo's November 9, 2010 Order is **DENIED**; and it is further

    **ORDERED** that Magistrate Judge Arleo's November 9, 2010 Order is hereby **AFFIRMED**.

                        s/ Susan D. Wigenton
                          **Susan D. Wigenton, U.S.D.J.**

cc:  Madeline Cox Arleo, U.S.M.J.